IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| FERDINAND SALLEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| CAROL ELLIS, Warden, Terrell Probation | : | |
| Detention Center; LAWRENCE | : | |
| STEWART, Deputy Warden; DERRICK | : | |
| SMITH, Counselor; and JAMES | : | NO. 1:06-CV-138 (WLS) |
| DONALD, Comm'r, GDOC; | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **FERDINAND SALLEY**, an inmate at the Smith Probation Detention Center has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

1

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

## II.  BACKGROUND

Plaintiff's allegations arise in connection with events that occurred while plaintiff was confined at the Terrell Probation Detention Center ("TPDC") from June 26, 2006 to August 31, 2006.  Plaintiff brings this action against Carol Ellis, Warden of the TPDC; Lawrence Stewart, Deputy Warden at the TPDC; Derrick Smith, a counselor at TPDC; and James Donald, Commissioner of the Georgia Department of Corrections ("GDOC").

Plaintiff alleges the following: (1) On July 10 and 11, 2006, defendant Counselor Smith used racial slurs against plaintiff and verbally abused him; (2) on July 15-16 and 23-25, inmates were denied toilet paper; as a result, plaintiff was forced to use "newspaper and cleaning rags to wipe his bottom"; (3) on August 18, 2006, defendant Deputy Warden Stewart harassed plaintiff for filing

institutional grievances and told plaintiff in front of other inmates that "he would have someone kick [plaintiff's] behind"; (4) on August 25, 2006, several inmates jumped plaintiff and beat him about the head; (5) defendant Deputy Warden Stewart refused to let the medical staff treat plaintiff both immediately after the beating and later, when plaintiff experienced blackouts and bloody noses on multiple occasions; (6) one such blackout occurred on August 27, 2006, when plaintiff "fell out" on the "hard pavement" while handcuffed and injured his back; (7) defendant Warden Ellis was aware of the mistreatment; and (8) defendants Ellis and Stewart ordered that plaintiff's medical records be falsified to reflect that plaintiff had received medical treatment.

Plaintiff seeks damages and also asks that criminal charges be brought against the defendants and that they be fired or demoted from their jobs at the TPDC.

### III. DISCUSSION

#### A. Relief

As an initial matter, the Court notes that certain of the relief requested by plaintiff is not available in this action. To the extent plaintiff has requested that criminal charges be filed against the defendants, a prisoner has no constitutional right to have someone criminally prosecuted. ***Oliver v. Collins***, 914 F.2d 56, 60 (5th Cir. 1990). Moreover, this Court has no authority to order that the defendants be fired or demoted.

#### B. Counselor Derrick Smith

Allegations of discriminatory remarks and verbal threats (even those which threaten violence) by prison officials do not state a claim of deprivation of rights under 42 U.S.C. § 1983.

3

*Gaut v. Sunn*, 810 F.2d 923 (9th Cir. 1987); *Stacey v. Ford*, 554 F. Supp. 8, 9 (N.D. Ga. 1982). Plaintiff does not allege that Smith actually caused plaintiff any harm, but only that Smith threatened plaintiff. Without more, the claims against Smith are not claims of a constitutional magnitude and are therefore frivolous. The undersigned thus **RECOMMENDS** that Counselor Derrick Smith be **DISMISSED** from this lawsuit.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *C. GDOC Commissioner James Donald*

A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is not liable under section 1983 for damages or injunctive relief unless "the supervisor personally participates in the alleged unconstitutional conduct or [ ] there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360. Supervisory officials are not liable under section 1983 for having the "mere right to control without any control or direction having been exercised." *Monell v. Department of Social Services of New York*, 436 U.S.

658, 694 n.58 (1978).  Plaintiff makes no allegations that GDOC Commissioner James Donald participated in or had a causal connection with the alleged unconstitutional conduct.  Plaintiff's factual assertions are thus insufficient to state a claim for supervisory liability on the part of Donald.  Therefore, it is **RECOMMENDED** that Commissioner Donald be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *D. Warden Carol Ellis and Deputy Warden Lawrence Stewart*

Although plaintiff's ability to prevail upon the merits is by no means certain, the Court cannot conclude that plaintiff's claims against defendants Carol Ellis and Lawrence Stewart are frivolous at this juncture.  Accordingly, plaintiff's claims will be allowed to go forward against defendants Ellis and Stewart, by separate order.

**SO RECOMMENDED**, this 6th day of November, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE